■ MARIE B. CARUSO, Respondent, v. JOHN H. SINISTORIE, Defendant. JAMES DEMPSEY, Appellant.— In a proceeding for substitution of attorneys for the plaintiff in a negligence action to recover damages for personal injury, the original attorney for the plaintiff appeals, as limited by his brief, from an order of the Supreme Court, Westchester County, dated October 19, 1962, granting on reargument plaintiff's motion to substitute another attorney, insofar as such order: (1) directed, in its fifth decretal paragraph, that the original

attorney shall have a lien in a dollar amount, based on *quantum meruit*, upon any recovery in the action; (2) failed to direct, instead, that such attorney shall have a lien computed on a percentage of the recovery; and (3) failed to direct the immediate and unconditional payment of his disbursements of $79.85. Order modified on the law and on the facts as follows: (a) by amending the fifth decretal paragraph to provide that the original attorney's lien shall be upon any sum recovered in the action, whether by way of settlement or judgment; and (b) by adding a provision directing that the plaintiff shall reimburse the original attorney, promptly and unconditionally, for his disbursements amounting to $79.85. As so modified, the order, insofar as appealed from, is affirmed, without costs. The said sum of $79.85 is directed to be paid within 20 days after entry of the order hereon. In our opinion, the record establishes that plaintiff requested and desired that the fee of the original attorney shall be fixed in a dollar amount based on *quantum meruit*, and the order properly so directs (cf. *Reubenbaum* v. *B. & H. Express*, 6 A D 2d 47, 48). However, the order directs that the lien for the amount thus determined shall be upon "any recovery" in the action. Such a direction may be construed to limit the lien to a judgment. The original attorney is entitled to a lien upon any recovery, whether obtained by judgment or settlement. The order fails to make any direction with respect to reimbursement to the original attorney for his cash disbursements in plaintiff's behalf. The amount of such disbursements is not disputed. We believe that he is entitled to be paid such amount now. Unlike his fee, his right to recoup his actual cash disbursements should not be deferred until plaintiff's ultimate recovery (cf. *Silverstein* v. *National Auto Renting Corp.*, 4 A D 2d 869). Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.